IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DARRELL SHARP, | CV 14-00062-GF-BMM-RKS |
| Plaintiff, | |
| vs. | ORDER |
| CCA, TOOLE COUNTY, and WARDEN FENDER, | |
| Defendants. | |

Plaintiff Darrell Sharp has filed a Motion for Injunctive or Habeas Relief seeking a preliminary injunction and/or immediate habeas relief. (Doc. 6.) There are several problems with Mr. Sharp's motion. First, he has not complied with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney

1

can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). Mr. Sharp has not satisfied either requirement.

In addition, as a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, the Court has not obtained personal jurisdiction over any defendant since the case is in the prescreening process mandated by 28 U.S.C. §§ 1915, 1915A and therefore has not yet been served.

Third, to the extent Mr. Sharp seeks to challenge his conviction and obtain release from custody, he may only do so through the filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Mr. Sharp has a § 2254 petition currently pending in this Court. *See* Civil Action, 13-CV-00089-GF-DWM-RKS.

Accordingly, IT IS HEREBY ORDERED that the Motion for Injunctive or

Habeas Relief (Doc. 6) is denied.

DATED this 17th day of September, 2014.

/s/ Brian Morris
Brian Morris
United States District Court