IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DARRELL DEAN SHARP,<br><br>Plaintiff,<br><br>vs.<br><br>CCA, TOOLE COUNTY, and WARDEN FENDER,<br><br>Defendants. | CV 14-00062-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Darrell Sharp's Complaint fails to state a claim against a proper defendant. (Doc. 12.) Specifically, Mr. Sharp's claims against CCA and Toole County fails to state a claim for relief from an unconstitutional custom, policy, or practice, and Mr. Sharp does not allege that Warden Fender personally took part in the actions alleged in the Complaint or that he was subject to supervisory liability.

The deficiencies in Mr. Sharp's Complaint were discussed in detail in the November 12, 2014 Order. He was advised that his Complaint would be recommended for dismissal unless he filed an amended complaint to name a proper

1

defendant and clarify his claims. (Doc. 12.) Mr. Sharp was originally given until December 8, 2014, to file an amended complaint. On December 4, 2014, he was granted an extension until January 9, 2015, to file an amended complaint. (Doc. 14.) He has failed to do so. Accordingly, for the reasons set forth in the Order of November 12, 2014, this matter should be dismissed for failure to state a claim against a proper defendant.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Because Mr. Sharp failed to state a claim, the dismissal of this matter should be a strike under 28 U.S.C. §1915(g).

**Address Changes**

At all times during the pendency of this action, Mr. Sharp must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Sharp failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Sharp may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of January, 2015.

    /s/ John Johnston
John Johnston
United States Magistrate Judge