# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DARRELL DEAN SHARP,<br><br>Plaintiff,<br><br>vs.<br><br>CCA, TOOLE COUNTY, and WARDEN FENDER,<br><br>Defendants. | CV 14-62-GF-BMM<br><br>**ORDER** |

Plaintiff Darrell Sharp, a state inmate proceeding without counsel, filed a Complaint on August 28, 2014, alleging he was assaulted by a correctional officer and another inmate at CCA. He claimed that Defendants CCA, Toole County, and Warden Fender were liable under 42 U.S.C. § 1983 because they failed to protect him from the inmate and refused to bring criminal charges against the officer. (Complaint, Doc. 2.)

Pursuant to 28 U.S.C. §§ 1915, 1915A, United States Magistrate Judge Strong conducted an initial screening of the Complaint and found that it failed to state a viable claim against the named Defendants. Judge Strong gave Mr. Sharp an opportunity to file an amended complaint and provided an extension of time in

which to do so. (Docs. 12, 14.) Mr. Sharp failed to file an amended complaint and his case was recommended for dismissal. (Doc. 19.) Mr. Sharp filed objections to the recommendation to dismiss (Doc. 20), but after a de novo review of the Findings and Recommendations this Court found that there was no error in the Findings and Recommendations and the case was dismissed and judgment entered. (Docs. 23, 24.)

Mr. Sharp filed a document entitled "Motion to Strike Order Adopting Findings and Recommendations" on March 2, 2015. (Doc. 25.) Mr. Sharp's motion could be construed as a Rule 59(e) Motion to Alter or Amend a Judgment or as a Rule 60(b) Motion for Relief from Judgment or Order. The Ninth Circuit set forth the following grounds justifying reconsideration under Rule 59(e):

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice: or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence, that with reasonable diligence could not have been

discovered before the time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Federal Rule of Civil Procedure 59(e); a later-filed motion is considered under Rule 60(b). *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008) (*quoting Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001)).

Mr. Sharp filed his Motion on March 2, 2015, which was within twenty-eight days of the entry of the February 20, 2015 Judgment. Accordingly, the Motion will be analyzed pursuant to Rule 59(e), although the analysis and ruling would be the same if analyzed pursuant to Rule 60(b)(2).

Mr. Sharp moves to strike the Order Adopting the Findings and Recommendations for the following reasons: (1) the Judges were biased and he has filed a Judicial Standards Complaint against them making the order invalid; (2) the case was dismissed prior to discovery and therefore allows an assault to go unpunished and he has been retaliated against; and (3) he was denied counsel.

### 1. Bias–Judicial Standards Commission

Mr. Sharp suggests that the Judges involved in this matter should have been recused and the failure to do so makes the Order adopting the Findings and Recommendations invalid. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). "The judge against whom the motion for recusal is filed may determine the legal sufficiency of the affidavit." *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991).

"[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Mr. Sharp alleges the Judges failed to follow the Federal Rules of Civil

Procedure and Rules of Evidence, there were discovery abuses, and a violation of his right to a jury trial. He also contends he has filed a complaint with the Judicial Standards Commission making the order invalid. All of the Judges involved in this matter have followed the rules of procedure and evidence. The Court conducted an initial screening of Mr. Sharp's Complaint as required by 28 U.S.C. §§ 1915, 1915A. The Court gave Mr. Sharp an opportunity to file an amended complaint after discussing the defects with his initial Complaint. And the Court gave Mr. Sharp an extension of time to file an amended complaint. Mr. Sharp did not name a proper defendant in his initial complaint. The Court advised Mr. Sharp of this problem and he failed to correct it. The Court made efforts to protect Mr. Sharp's rights and none of the Judges ever displayed antagonism toward Mr. Sharp. No basis exists on which to question the Judges' impartiality in this matter. No evidence of bias exists and as such, Mr. Sharp's allegations are an insufficient basis upon which to alter or amend the judgment in this case.

**2. Initial Screening–unpunished assault–no investigation**

Mr. Sharp raises a number of complaints regarding the initial screening of the Complaint and the fact that the Court dismissed the case prior to him being allowed to conduct discovery or have a jury trial. Because he is a prisoner proceeding in forma pauperis, the Court was required by statute to review Mr.

Sharp's Complaint to determine if the allegations were frivolous, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who was immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court conducted this review. The Court gave Mr. Sharp an opportunity to file an amended complaint and he failed to do so. The statute permits dismissal of this matter prior to discovery under these circumstances. The Court's dismissal fails to provide a basis to alter or amend the judgment.

Similarly, the fact that an assault has gone unpunished or that this matter has not been throughly investigated as Mr. Sharp contends, is not the fault of the Court. Mr. Sharp failed to file an amended complaint which lead to the dismissal of this case. No conspiracy exists and whether Mr. Sharp has been retaliated against fails to provide a basis to reconsider the dismissal of this case. This case was dismissed because Mr. Sharp failed to name a proper defendant. Mr. Sharp raised additional information regarding Warden Fender in his objections to the Findings and Recommendations. This additional information proved insufficient to establish supervisory liability against the Warden. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652

F.3d 1202, 1207 (9th Cir. 2011). A supervisor who is informed of an alleged constitutional violation, e.g., pursuant to reviewing an inmate's administrative grievance, may be liable if he failed to remedy it. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). If a constitutional violation is complete, however, and a supervisory grievance reviewer is simply making a determination on whether the prison should provide a remedy for a past violation, the supervisory grievance reviewer has no part in causing the constitutional violation.

Mr. Sharp alleges, in his objections, that Warden Fender was involved in his prison transfer and in the denial of his disciplinary appeal, that Warden Fender had knowledge of Officer Botts' harassment, that Warden Fender was on duty at the time of both assaults, and that Warden Fender was aware of his medical needs. (Objections, Doc. 20 at 3-4.) None of these allegations would be sufficient to establish supervisory liability. Mr. Sharp did not raise claims in his original complaint regarding his transfer or his disciplinary appeal. His claim against Officer Botts was an excessive force claim regarding the incident on August 1, 2014. No allegation in any of Mr. Sharp's multiple filings indicates that Warden Fender was made aware of a constitutional violation prior to or during the course of that alleged violation such that he would have been in a position to stop the violation. Mr. Sharp fails to explain how Warden Fender had been made aware of

his medical needs. The Court advised Mr. Sharp in the order allowing him to file an amended complaint that allegations against supervisors which resemble "bald" and "conclusory" allegations would be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). He was specifically told that allegations that a supervisory defendant had personal knowledge of a constitutional violation would be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation. *Hydrick*, 669 F.3d at 942. Mr. Sharp did not provide any such information in any of his filings and therefore failed to plead sufficient factual allegations against Warden Fender.

No basis exists upon which to alter or amend the judgment on these grounds.

### 3. Counsel

Mr. Sharp also complains that the Court's refusal to appoint him counsel provides a basis to alter or amend the judgment. No one, including incarcerated prisoners, possess a constitutional right to be represented by appointed counsel when they bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. Title 28 of U.S.C. § 1915 only allows

the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1); *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may request counsel for an indigent plaintiff only under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. Sharp did not make a sufficient showing of exceptional circumstances. He failed to name a proper defendant, and, therefore, he had not made an adequate showing of likelihood of success on the merits. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Mr. Sharp's Motions for Appointment of counsel were all properly denied.

Mr. Sharp has stated no basis to reconsider the Court's February 20, 2015 Order dismissing this case. There is no new evidence, no fraud, no mistake, no manifest error of law or fact, and no manifest injustice upon which this Court should reconsider its prior Order.

Accordingly, IT IS HEREBY ORDERED that Mr. Sharp's Motion to Strike Order Adopting Findings and Recommendations as construed as a Rule 59(e) Motion to Alter or Amend Judgment (Doc. 25) is DENIED.

DATED this 17th day of March, 2015.

Brian Morris
United States District Court Judge